# BOB SECOLO REALTY, INC., *Respondent,*

*v.*

# DUNNIGAN, *Appellant.*

## (No. A7612-17184, CA 9945)

583 P2d 1154

Francis F. Yunker, Portland, argued the cause and filed the briefs for appellant.

Robert L. Kirkman, Portland, argued the cause for respondent. With him on the brief were Carlton D. Warren and Solomon, Warren, Killeen & Kirkman, Portland.

Before Schwab, Chief Judge, and Lee, Richardson and Joseph, Judges.

SCHWAB, C. J.

**SCHWAB, C. J.**

Defendant appeals from a judgment awarding plaintiff a real estate sales commission and attorney fees.

On April 25, 1976, defendant entered into an "employment agreement" with plaintiff which gave plaintiff a 30-day exclusive listing for the sale of certain property of defendant. The agreement contains the language:

"* * * In the event that you [plaintiff] * * * shall find a buyer ready and willing to enter into a deal for said price and terms, or such terms and price as I may accept, or that during your employment you introduce my listed property to a buyer *or place me in contact with a buyer to or through whom at any time within 365 days after the termination of said employment I may sell or convey my property,* I hereby agree to pay you in cash for your services a commission equal in amount to six % of said selling price * * *." (Emphasis supplied.)

During the 30-day period of the listing, plaintiff was contacted by Melcher Schlosser about the property. Schlosser made an offer which defendant rejected, and defendant made a counteroffer which Schlosser rejected. In approximately November, 1976, less than 365 days after the listing had terminated, Schlosser's son contacted defendant and the son and his wife purchased the property. Schlosser's son had learned of the property from his father.

Plaintiff argues that the sale to Schlosser's son is subject to the quoted provision of the agreement. We disagree. The provision applies to sales to a "*buyer* to or through whom" defendant sold the property and with whom plaintiff placed defendant in contact. Plaintiff placed defendant in contact with Schlosser, not Schlosser's son, and the latter was the buyer. The word "buyer" is not ambiguous. Given the clear meaning of that word, the phrase "or through whom" becomes ambiguous. In context it is possibly a reference to a "straw man" transaction. Such a transaction was neither pleaded nor proved. It is apparent

[ 13 ]

that the agreement is a "form contract" provided by plaintiff, and therefore any ambiguity it contains must be resolved against plaintiff. *Transamerica Ins. Co. v. U.S. Nat'l Bank,* 276 Or 945, 951, 558 P2d 328 (1976). The judgment in favor of plaintiff is reversed.

■ Defendant argues that if he prevails in this action, as we hold he does, he is entitled to attorney fees. Plaintiff appears to respond to the effect that the agreement provides that the court may allow reasonable attorney fees only to plaintiff. ORS 20.096(1) provides:

> "In any action or suit on a contract, where such contract specifically provides that attorney fees and costs incurred to enforce the provisions of the contract shall be awarded to one of the parties, the prevailing party, whether he is the party specified in the contract or not, at trial or on appeal, shall be entitled to reasonable attorney fees in addition to costs and necessary disbursements."

We remand to the trial court for the sole purpose of adjudging reasonable attorney fees for defendant.

Reversed and remanded.